# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN VILLARINO II,<br><br>            Plaintiff,<br><br>     v.<br><br>SOCIAL SECURITY ADMINISTRATION: MANAGER and DOES 1 to 1,<br><br>            Defendants. | Case No. 1:13-cv-00734 AWI-SMS<br><br>ORDER CONSOLDATING<br>CASE No. 1:13-cv-01021 LJO-SMS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

## I. INTRODUCTION

Plaintiff Robert John Villarino, II ("Villarino" or "Plaintiff") has filed a total of five complaints in Fresno County Superior Court against Defendants Social Security Administration and the United States of America ("Defendants") which have been removed to this Court. The Court has already dismissed three of these, all for lack of subject matter jurisdiction and for failure to state a claim, and all with prejudice. The latest two are *Villarino IV* (1:13-cv-00734 AWI-SMS) and *Villarino V* (1:13-cv-01021 LJO-SMS). For the reasons that follow, the Court consolidates these and grants Defendants' motions to dismiss.

## II. FACTS

### Villarino I, II, and III

*Villarino I* alleged a wrongful withholding of Villarino's Supplemental Security Income (SSI) benefits and was dismissed for failure to exhaust administrative remedies and failure to state a claim. Docket No. 6 in Case No. 1:12-0425. Because the Court lacked jurisdiction over Villarino's

1

claims, the Court did not grant leave to amend. *Villarino II* alleged the same wrongful withholding of benefits and was dismissed on these same grounds, again with prejudice. Docket No. 5 in Case No. 1:12-1225. The Court also cited *res judicata*. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action") (internal quotation marks omitted) (emphasis in original). *Villarino III* again alleged a suspension of benefits, and included additional claims for defamation, libel, eviction, and intentional infliction of emotional distress against the SSA and its employees, Gomez and Yang. Docket No 1 in Case No. 1:13-212. The Court dismissed for the same reasons as in *Villarino II*. Docket No. 9 in Case No. 1:13-cv-212 at 7:6-9, 7:27-8:8, 8:20-21.

**<u>Villarino IV</u>**

Villarino filed the civil complaint in *Villarino IV* with the Fresno County Superior Court on April 12, 2013. It is unclear whether he paid a filing fee. On May 17, 2013, Defendants removed the complaint to this district, paying the district court's filing fee. *See* 28 USC § 1914.

On the Superior Court's "Civil Case Cover Sheet," Plaintiff checked the box indicating that the nature of the case is for "Judicial Review," specifically a "Petition re: arbitration award." He then filled out a generic Superior Court Complaint form which is designed for "Personal Injury, Property Damage, or Wrongful Death" claims. On this, he wrote: "remittitur 'solemnity' 'ceremony' circumstance & grant 'removal': remote," and after this, "exceed omnibus motion." As damages, he wrote that he has suffered "intentional tort, intentional infliction of emotional distress, defamation, libel, general personal rights," for an amount totaling $14,000,000.00. Finally, in a section of the complaint asking what paragraphs are alleged "on information and belief," Plaintiff offered this statement, apparently as the legal basis for his suit:

> The Civil Code of the State of California Division I Persons § 43 General Personal Rights. … [Also,] the right of protection from bodily restraint or harm, from personal insult, from defamation, and injury to his personal relations.

Following the form complaint is the Notice of Removal from *Villarino III* dated February 8, 2013. This is the same date identified by Villarino on the Fresno City Claim for Damages form that accompanies the complaint. This form states the injury occurred at the address of the federal courthouse, that the causes of action are "prejudice, intentional tort, intentional infliction of

emotional distress, civil rights," and that Plaintiff seeks damages of $42 million dollars. When asked to describe the injury in full detail, Plaintiff wrote:

> 'Power' Code General Provisions
> Edition: Native American Indians: Social Justice Issue: Deific
> Nature: Homeopathy Homeostasis

Next, Villarino provides a copy of a November 2011 letter, written by him and directed to the "Secretary of the Executive Committee, Superior Court of California." It is captioned "motive for defense." This letter refers to a separate document (not included) "from the federal court of Baltimore, Maryland" which was delivered by an "agent for the Rabbinic League Center, the Jewish Assembly, sponsored by a corporate entity, conglomerate, a private government: Israeli Command League, and they are anti-Christ." It says that "these Goddamned Anti-Christs" have acted against his "properties" because "they believe I am the Jewish Messiah." Villarino says he is "invoking my Constitutional authority and issuing a directive" to have this matter investigated.

Finally, there are two California form "Attachment" forms accompanying the complaint. In the first of these, in a section labeled "reasons for liability," Plaintiff states:

> No fault: of, relating to, or being a patent plan (Deific) under which plaintiff injured in plan accident (calamity) is compensated by indemnity up to stipulated compensation for actual and compensated losses. Direct

The second form offers this as the "reason for liability":

> Defamation: Obloquy. Censure, blame, or abusive language aimed at a person or thing, especially by numerous persons or by the general public. Discredit, disgrace, or bade repute resulting from public blame, abuse, or denunciation (arbitrary court action) by defendant.

The Court notes that this is a quotation of the definition for obloquy from dictionary.com.

**Villarino V**

Villarino filed the civil complaint in *Villarino V* with the Fresno County Superior Court on May 2, 2013. It is unclear whether he paid a filing fee. On July 2, 2013, Defendants removed the complaint to this district, paying the district court's filing fee. *See* 28 USC § 1914.

*Villarino V* again uses the California form complaint and, as in previous lawsuits, lists the claims on the civil cover case sheet as "professional negligence;" the form complaint alleges "intentional infliction of emotional distress" on the first page and general negligence on page three.

3

He again seeks $14 million dollars and alleges "fees Overdrawn Account, Intentional Infliction of Emotional Distress." He again describes his claims as including "Civil Code of the State of California Division I Persons § 43 General Personal Rights…the right of protection from bodily restraint or harm, from personal insult, from defamation, and injury to his personal relations." The complaint contains one state form "cause of action" attachment for general negligence alleging that on May 2, 2013, at Bank of America at Fresno City Center, "disclosed follow," but the only other documentation in the Fresno Superior Court file are two pages from his Bank of America statement regarding an overdraft in May 2013.

**Defendants' Declarations**

According to declarations submitted by Defendants, a search of Villarino's SSA records demonstrates that he has been paid all SSI benefits to which he is entitled. Declaration of Joan Woo, ¶ 4-5. The SSA expressly advised Villarino per letter dated April 17, 2013, that his May benefits were being suspended because the SSA needed "correct information about your name, address, or bank account." Exhibit "1" to Woo Decl. Despite having almost two weeks to correct the problem, Villarino did not provide the requested information until May 3, 2013, at which time his benefits were reinstated for that month. Woo Decl., ¶ 4-5; Exhibit "2" to Woo Decl. Any overdraft charge claimed by Villarino was the result of his failure to correct this issue before May 1, 2013. He filed no administrative appeal of his benefits payment, nor has he taken any other steps to exhaust his administrative remedies. Woo Decl. at ¶ 7. Similarly, he has not pursued any administrative remedies for any tort claims against the SSA. Declaration of Mark Ledford, ¶ 2-4.

**III.   CONSOLIDATION**

"If actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed.R.Civ.P. 42(a)(2). The court may do so *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir.1999). The court should weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). The court has "broad discretion" in exercising this rule. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).

4

The Court finds that the two cases can be consolidated. At heart, both complaints apparently relate to alleged wrongdoing in the issuance of Social Security benefits by the same federal defendants. Beyond that, their allegations are unclear.

While *Villarino IV*'s motion to dismiss has been fully briefed and ready for a decision, there is still time for Plaintiff to oppose the motion in *Villarino V*. Nevertheless, the Court deems both motions to be ripe for decision. This follows from the consolidation of the actions, as well as from the Court's inherent power to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As Plaintiff has not made an appearance or a single filing in *Villarino I-IV*, a response in *Villarino V* seems unlikely.

## IV.   LEGAL STANDARDS

### Failure to state a claim – FRCP 12(b)(6)

Failure to state a claim is defined in Fed.R.Civ.P. 12(b)(6), and includes failure to satisfy the pleading standards in Fed.R.Civ.P. 8. Under Fed. R. Civ. P. 8(a), a pleading that states a claim for a relief must include a statement demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." It must give the defendant fair notice of the claims against him and state their elements plainly and succinctly. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. … [¶] [A] complaint must contain sufficient factual matter, accepted as true, to … allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Although a court assumes the truth of well-pled factual allegations, legal conclusions are not entitled to the same assumption of truth. *Id*.

**Lack of subject matter jurisdiction – FRCP 12(b)(1)**

Under Fed.R.Civ.P. 12(b)(1) the court must dismiss any action *sua sponte* if the court lacks subject-matter jurisdiction. The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Cmty. for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S. Ct. 1673, 1675 (1994). In a facial attack, the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Here, Defendants present a factual challenge to Mr. Villarino's complaint. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40 n.2.

**V.   ANALYSIS**

In dismissing the three prior lawsuits against Defendants, this Court found that Plaintiff either failed to invoke federal subject matter jurisdiction or failed to state any viable claim. Plaintiff's two latest complaints must be dismissed for the same reasons.

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204 (1988). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). However, the waiver is

6

expressly limited and must be strictly construed. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Defendants point to Plaintiff's specific claims, arguing that these are outside the FTCA's waivers of sovereign immunity and indicate a failure to exhaust administrative remedies. While this is clearly true as to certain claims (for example, the nonpayment of benefits for two weeks, which Defendants attribute to needing updated information), it is simply too difficult to make this determination as to the majority of Plaintiff's assertions. Under the FTCA, to determine the nature of a cause of action, courts must "look beyond [the] characterization" of the cause of action, "to the conduct on which the claim is based." *Mt. Homes, Inc. v. United States,* 912 F.2d 352, 356 (9th Cir.1990). The complaints themselves are too unclear to permit this determination. This shortcoming—the failure to state a claim—is the more substantial grounds for dismissal.

In *Villarino I*, after dismissing for lack of subject matter jurisdiction, the Court turned to Plaintiff's failure to state a claim. The Court dismissed for the following reasons (which would be paraphrased in *Villarino II* and *Villarino III*):

> In addition to lacking jurisdiction over Mr. Villarino's claims, … Mr. Villarino also fails to allege sufficient facts to make these claims plausible or recognizable. Moreover, part of Mr. Villarino's complaint is incomprehensible to this Court. … Construing these allegations liberally, this Court cannot decipher these assertions. In addition, without facts to support the claim, this Court finds that Mr. Villarino has failed to state a claim against SSA for "loss of use of property/rental/eviction." When a complaint is this "vague, conclusory, and general and does not set forth any material facts in support of the allegations," dismissal is proper. *North Star Int'l v. Ariz. Corp. Comm*., 720 F.2d 578, 583 (9th Cir. 1983). Accordingly, Mr. Villarino's complaint is dismissed on the independent basis for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The same is true of the instant complaints. The claims are "vague, conclusory, and general," so much so that the Court must again conclude that Plaintiff has not stated a claim for which relief can be granted. Once again, the Court dismisses these *with prejudice*.

## VI.   VEXATIOUS LITIGANT STANDARD

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter prefiling orders against vexatious litigants. *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir.1999). Defendants have stated their intent to request such a prefiling order should Villarino file a sixth similar lawsuit.

Prefiling orders are an extreme remedy because they can impinge upon the ability of litigants seeking redress with rightful claims to reach the court. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Therefore the court should not exercise undue haste in granting prefiling orders and should proceed "only after a cautious review of the pertinent circumstances." *DeLong v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir.1990). Such a review should be especially considered in light of the general policy of the courts to be protective of *pro se* litigants. *Pavilonis v. King,* 626 F.2d 1075, 1076 (1st Cir.1980). However, there are also sound policy reasons supporting the use of filing limitations against unrepresented parties when proper, as they allow the courts to maintain their docket when other controls are often unavailable. *Doran v. Vicorp Restaurants, Inc.,* 407 F.Supp.2d 1115, 1118 (C.D.Cal.2005) (noting that unlike *pro se* parties, attorneys are less likely to file frivolous claims because they both face the continuous threat of malpractice and depend on their reputation in the community to sustain their careers).

Defendants are not requesting such an order at this time. However, Plaintiff should be aware that such a restriction could be imposed in the future, and Plaintiff should understand the legal requirements for imposing one. Four conditions must be met: (1) plaintiff is given adequate notice to oppose a restrictive prefiling order before it is entered; (2) the court provides an adequate record for review, including a listing of all the cases and motions that led the Court to conclude that a vexatious litigant order was needed; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the Court order is narrowly tailored. *DeLong* at 1148. As an example of a possible order in this case, any case filed by Plaintiff against these named Defendants in this district could be automatically dismissed unless Plaintiff pays the filing fee or the Court determines that Plaintiff is likely to prevail.

### VII.    ORDER REGARDING FUTURE CASES

Defendants do, at this time, request an order that Villarino must file future similar lawsuits in Federal court instead of in state court. The Court agrees that such an order would be appropriate here and would serve the goals of the PLRA. However, the Court is unaware of authority allowing it to issue such an order.

The Court appreciates the problem that this poses for Defendants. As long as Plaintiff continues to file complaints in state Court, it is the removing Defendants who are responsible for filing fees in this court. 28 U.S.C. § 1914. Plaintiff, who is not a prisoner, thus need not seek IFP status and avoids the screening provisions of 28 U.S.C. § 1915(e). *See, e.g. Jae v. Stickman*, 2012 WL 5830633 (W.D. Pa. Nov. 16, 2012) (although § 1915(e)(2) applies "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," it only governs *in forma pauperis* proceedings where the plaintiff is allowed to make incremental payments until the filing fee is paid in full); *Robles v. Casey*, 2011 WL 398203 (M.D. Pa. Feb. 3, 2011) (section not applicable where plaintiff only applied for *in forma pauperis* status in state court, prior to removal). Meanwhile, it is at least unclear whether there is any other source of authority (aside from a prefiling order, discussed above) which would allow the Court to dismiss complaints *sua sponte* for failure to state a claim. *Compare Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (prior to enactment of PLRA in 1996, courts lacked power to dismiss a complaint *sua sponte* for failure to state a claim) *with Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (in dismissing *sua sponte* for failure to state a claim, Court must give notice and opportunity to respond, unless "the plaintiffs cannot possibly win relief"). Complaints which lack subject matter jurisdiction may be easier to address. "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1200 (9th Cir. 1988); *see also* 28 U.S.C.A. § 1447, FRCP 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In light of these considerations, the Court orders as follows. Should Plaintiff file any complaint against these Defendants in superior court which Defendants then remove to this Court, Plaintiff will have 30 days from service of the removal to inform this Court why the complaint should not be dismissed for failure to state a claim and for lack of subject matter jurisdiction. After 30 days, Defendants need not answer or move to dismiss until the Court has addressed these issues in a screening order. (To expedite this process, the court asks Defendant to direct the Court's attention to this order when filing the removal.)

## VIII. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. Directs the Clerk to close *Villarino V* (1:13-cv-01021 LJO-SMS), to consolidate that case into this case, *Villarino IV* (1:13-cv-00734 AWI-SMS), and to vacate the 8/20/2013 motion hearing in *Villarino V*;

2. Grants the motions to dismiss in each case and dismisses these **with prejudice**; and

3. Directs the clerk to enter judgment in favor of Defendants Commissioner of Social Security and the United States of America and against plaintiff Robert John Villarino II.

4. Orders Plaintiff to comply with the above-mentioned requirements for any cases against these Defendants that are removed to this Court in the future.

IT IS SO ORDERED.

Dated: July 29, 2013

SENIOR DISTRICT JUDGE